**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH T. HAYES, | : CIVIL ACTION NO. 09-2304 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. |  |
| AMERICAN INTERNATIONAL GROUP, et al., |  |
| Defendants. |  |

**THE PLAINTIFF**, Joseph T. Hayes ("Hayes"), brought this action against defendants on May 14, 2009, to recover damages for, inter alia, breach of contract, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.) The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**HAYES** alleges that he "maintained a residence [in] Brick, New Jersey."  (Compl. at 2.)  Hayes, however, lists his address as being in "Trevose, PA" in the caption of the Complaint.  (Id. at 1.)  Allegations as to where a party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970). Thus, Hayes has not properly asserted his own citizenship.

**HAYES** also asserts that (1) defendant American International Group is "a New York corporation or other business entity . . . with an office located [in New York]," (2) defendant United States Life Insurance Company in the City of New York is "a New York corporation or other business entity . . . with an office located [in New York]," and (3) defendant Disability Reinsurance Management Services, Inc. is "a Maine Corporation or other business entity . . . with an office located in the State of Maine." (Compl. at 2-3.) A corporation is deemed to be a citizen of the state in which it (1) is incorporated, and (2) has its principal place of business. See 28 U.S.C. § 1332(c)(1). An allegation that a corporation has an office, rather than its principal place of business, in a certain state is insufficient. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006). Hayes fails to allege where defendants have their principal places of business, and thus fails to fully plead defendants' citizenship. See id. at 320-21; Gargiulo v. Dessauer, No. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004). The above allegations are also insufficient because Hayes fails to definitively allege defendants' nature of ownership (e.g., corporation, limited liability company, partnership). (See, e.g., Compl. at 2 (identifying defendant American International Group as a "corporation or other business entity" (emphasis added)).)

**HAYES** has failed to show that he is deemed to be a citizen of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants"). Thus, the Court will dismiss the Complaint, but will do so without prejudice to Hayes to either — within thirty days — (1) recommence the action in either a federal court elsewhere or state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in this federal court, with documentation properly demonstrating the citizenship of the parties.[1] If Hayes opts to move to reopen, then he does so at his own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**HAYES** is advised — if he opts to move to reopen — that jurisdiction is measured "against the state of facts that existed at the time of filing." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). Thus, Hayes must properly demonstrate (1) his own citizenship as it existed specifically on

---

[1] Venue may not be proper in a federal court in New Jersey if Hayes is a citizen of Pennsylvania.

May 14, 2009, e.g., list his home address with supporting documentation, (2) defendants' citizenship and nature of ownership on May 14, 2009, with supporting documentation, and (3) that there is jurisdiction under Section 1332. Hayes is further advised that he must specifically assert citizenship as it existed on May 14, 2009.

**HAYES**, if moving to reopen, must not restate the allegations from the Complaint. Also, a response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than New York or Maine") will be unacceptable. See Freedman, 180 Fed.Appx. at 320 (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"). As Hayes is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity." CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** will issue an appropriate order and judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated: June 8, 2009